(January 15, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY S. KRAMER, Appellant. [769 NYS2d 925]—

Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 17, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was sentenced to five years' probation as the result of his guilty plea to the crime of attempted sexual abuse in the first degree. Conditions of his probation included an obligation to notify his probation officer prior to a change of address. In this proceeding, it is alleged that defendant failed to comply with this condition and others. After a hearing, County Court determined that defendant violated this notification condition and revoked his probation, sentencing him to a term of imprisonment of 1 to 3 years. He appeals and we affirm.

Defendant challenges the finding that he violated a condition of probation by asserting that he was denied a fair hearing when County Court failed to require that authorities provide him with his pain medication after he told County Court that he was not receiving it at the correctional facility where he was incarcerated. The record is bereft of any evidence supporting this claim; there is no evidence of either a request for such medication or a subsequent denial while incarcerated.

Defendant's ineffective assistance of counsel claim is similarly without merit. The record reveals that defense counsel challenged every aspect of this proceeding and obtained acquittals

of all but one of the allegations. At sentencing, counsel noted defendant's lack of a substantial criminal record and argued against a sentence of imprisonment. Viewing counsel's representation in its totality, we find that it did not fall below the articulated standard (*see People v Baldi,* 54 NY2d 137, 147 [1981]).

Concerning the sentence, we find no extraordinary circumstances or abuse of discretion (*see People v Bell,* 290 AD2d 729, 730 [2002]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.